

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2004

# D.T.B. v. Advisory Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2294

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"D.T.B. v. Advisory Comm" (2004). *2004 Decisions.* Paper 339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 03-2294

———————————

D.T.B., a minor child, by his next friend,
Daniel J. O'Callaghan; DANIEL J. O'CALLAGHAN,

Appellants

v.

ADVISORY COMMITTEE ON JUDICIAL CONDUCT TO THE SUPREME
COURT OF THE STATE OF NEW JERSEY, and its nine (9)
member membership as "JOHN DOE"s AND "JANE DOE"s, in
individual and past or present official capacities;
DAVID B. RAND, in individual and past or present official
capacity as Justice of the Superior Court of New Jersey,
Chancery Division, Family Part; STEPFAMILY FOUNDATION, INC.;
JEANNETTE LOFAS, individually and as President of Stepfamily
Foundation, Inc.; DAVID F. SALVAGGIO; THE AMERICAN BOYCHOIR
SCHOOL

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist. Court No.  02-cv-00112)
Hon. Joseph A. Greenaway, Jr.

———————————
Submitted Under Third Circuit LAR 34.1(a)
June 16, 2004

Before: ALITO and SMITH, Circuit Judges, and DUBOIS, District Judge[*]

———————————

[*] Hon. Jan E. DuBois, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT
_____

PER CURIAM:

This appeal is related to No. 03-4259, which we decide today by separate opinion. The background of this matter is set out briefly in our opinion and the District Court's opinion of August 9, 2001, in the action that is the subject of that appeal.

In the action that gives rise to the present appeal, Daniel J. O'Callaghan named as defendants the New Jersey Supreme Court's Advisory Committee on Judicial Conduct; the members of that Committee; the judge who presided over O'Callaghan's Family Part litigation; Jeannette Lofas and the Stepfamily Foundation, Inc., of which she is president; the attorney for the mother of O'Callaghan's son; and the American Boychoir School. The District Court dismissed the complaint, holding, among other things, that it lacked personal jurisdiction over defendants Lofas and the Stepfamily Foundation; that Lofas was entitled to absolute immunity with respect to the submission of her "letter of recommendation" in the Family Part proceedings; that Lofas, the Stepfamily Foundation, and the American Boychoir School were not state actors and were thus not subject to suit under 42 U.S.C. § 1983; that Lofas's alleged conduct did not shock the conscience and thus did not violate substantive due process; that O'Callaghan had failed to state a claim under 42 U.S.C. § 1985(3) because he did not allege the requisite class-based animus or

-2-

concerted action; that O'Callaghan's federal constitutional claims were inextricably intertwined with the state court proceedings and that jurisdiction was accordingly lacking under the Rooker-Feldman doctrine; and that the claims against the New Jersey defendants in their official capacities were barred by the Eleventh Amendment.

We have considered all of the arguments raised on appeal and find no basis for reversal. We hold that O'Callaghan's arguments fail for the following reasons, among others.

With respect to O'Callaghan's claims against Lofas and the Stepfamily Foundation, the District Court correctly held that personal jurisdiction was lacking. As the District Court noted, Lofas and Stepfamily did not maintain any offices or transact any business in New Jersey, and Lofas was never licensed to practice marital or family therapy in New Jersey. In addition, neither Lofas's and Stepfamily's maintenance of a website that was accessible in New Jersey nor the submission of Lofas's letter of recommendation during the state court proceedings was sufficient to establish the requisite minimum contacts with the jurisdiction.

The District Court also correctly held that O'Callaghan failed to state a viable claim under 42 U.S.C. §§ 1983 or 1985 against Lofas, the Stepfamily Foundation, or the American Boychoir School. None of these defendants is a state actor under any of the recognized state action tests, and O'Callaghan's § 1985 claim failed because it did not allege: (i) that there was a conspiracy directed at O'Callaghan and D.T.B. as members of

a protected class and (ii) that the conspiracy was purposeful or intentional.  See Bray v.

Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); Barnes Foundation v.

Township of Lower Merion, 242 F.3d 151, 162 (3d Cir. 2001).

As we hold in No. 03-4259, most if not all of the claims in this action are

"inextricably intertwined with the state court's custody proceeding."  Hughes v. Long,

242 F.3d 121, 124 (3d Cir. 2001).  Accordingly, as the District Court held, they are barred

by the Rooker-Feldman doctrine.

The District Court properly concluded that Dr. Hagovsky was entitled to immunity

as a court-appointed psychologist pursuant to Hughes v. Long, 242 F.3d 121, 126-27 (3d

Cir. 2001).

We have considered each of O'Callaghan's arguments with respect to each of the

Appellees and find no merit in any of them.  Therefore, the Orders of the District Court

are AFFIRMED.

_____